IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KIRK WAYNE MCBRIDE, Sr., | § | |
|     Petitioner | § | |
| | § | |
| VS. | § | C.A. NO. C-05-534 |
| | § | |
| DOUG DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE–INSTITUTIONAL DIVISION, | § | |
|     Respondent | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, ("TDCJ-ID"), and currently is incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on August 3, 2004 (D.E. 1). Petitioner makes the following due process claims in reference to a disciplinary hearing which resulted in the imposition of punishment: (1) There was insufficient evidence to support a finding of guilt; (2) A proper investigation was not conducted; (3) The grievance process was insufficient to provide him with an adequate and meaningful administrative review and (4) He was not given fair notice that the behavior in which he engaged was a violation of TDCJ-ID rules. Respondent filed a motion for summary judgment on January 13, 2006 (D.E. 14) to which petitioner responded on February 9 and March 1, 2006 (D.E. 16, 17).

## BACKGROUND

Petitioner currently is serving a 99-year sentence for aggravated sexual assault (D.E 1, p. 2). He does not complain about his holding conviction, but challenges the results of a disciplinary hearing. In disciplinary case number 20050289206 petitioner was accused and

found guilty of possessing, distilling and/or brewing an alcoholic beverage  (Disp. Hrg. Recs., D.E. 12, p. 1).

In the offense report, M. Ramirez, the charging officer, wrote that on June 16, 2005 petitioner was carrying a plastic bag of prison-made alcohol and that as the officer was walking 7 I 3 section petitioner started walking toward the 7 I 1 section toilet and started draining the prison-made alcohol into the toilet (Id. at 2).  In the preliminary investigation report the charging officer added that petitioner threw the bag out the window after he drained it and that the strong odor of a distilled liquid was present (Id. at 3).  Petitioner did not offer a statement during the pre-hearing investigation (Id.).

At the hearing, the charging officer testified by telephone that as soon as she started walking into the section petitioner went to the toilet and poured out the liquid.  It had a strong odor and there was black stuff in it.  Petitioner testified that an officer dropped a bag on the table and petitioner went to pour it out, but that it did not belong to him (Id. at 5).

Petitioner was found guilty based on the charging officer's report and testimony at the hearing.  He was punished with loss of 30 days of commissary and recreation privileges and reduced in Line Class from L1 to L2 (Id. at 1).

Petitioner filed a Step 1 grievance complaining about the results of the disciplinary hearing on July 5, 2005.  Warden E. Kennedy responded that the case was reviewed and no reason was found to overturn it (Disp. Grv. Recs. D.E. 12, at 1-2).  Petitioner filed a Step 2 grievance on August 16, 2005 and received the same response from Kelli Ward (Id. at 3-4).

In his motion for summary judgment, respondent argues that petitioner is not entitled to relief because he did not lose any good time credits and also because he is ineligible for release

to mandatory supervision. Respondent reserved the right to argue about whether petitioner has exhausted his administrative remedies and also about the procedural default doctrine related to a failure to exhaust.

## APPLICABLE LAW

### A. Due Process Rights

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States. In Sandin v. Conner, 515 U.S. 472, 483-484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995), the U.S. Supreme Court described the limited instances in which prison inmates can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974)] and [Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532 (1976)]. Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. (internal citations omitted). The Supreme Court held in Sandin that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin, 515 U.S. at 486, 115 S.Ct. at 2301. The Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody. Id.

In this case, petitioner did not lose any good time as a result of the disciplinary hearing. To the extent he is complaining about a reduction in his line class, he fails to state a basis of relief. Generally a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on the amount of time he is in custody. Even so, "such speculative, collateral consequences do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192 (5th Cir. 1995)(citing Meachum v. Fano, 427 U.S. 215, 229, n. 8, 96 S.Ct. 2532, 2540, n. 8, 49 L.Ed.2d 451 (1976)), cert. denied sub nom. Luken v. Johnson, 116 S.Ct. 1690 (1996). "'Prisoners have no protectable property or liberty interest in custodial classifications.'" Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)(citing Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998)). See also Malchi v. Thaler, 211 F.3d 959 (5th Cir. 2000)(holding that timing of inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status, which right the Texas legislature has specifically denied creating). Accordingly, petitioner is not entitled to habeas corpus relief based on his line class status.

In addition to the parole scheme in Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citing TEX. CODE CRIM. P. ANN. art. 42.18 § 2(2)). Prisoners earn good time credits which are added to their actual days served in prison to calculate their release date. TEX. GOV'T CODE ANN. §508.147 (Vernon 2002).

The Fifth Circuit has determined that prior to September 1, 1996, the mandatory supervision program created a constitutional expectation of early release. Malchi v. Thaler, 211 F.3d 953, 957-958 (5th Cir. 2000). The mandatory supervision scheme was revised in 1998 and the language in the new section was designed to avoid creating a protected liberty interest. Hudson v. Johnson, 242 F.3d 534, 536, n. 1. However, despite the apparent intent of the legislature, the Fifth Circuit has not yet decided whether the loss of good time credits implicates due process concerns under the current statute, but has assumed that it does. Id. at 536. Also, the Texas Court of Criminal Appeals has held that the language of the statute does create a liberty interest in mandatory supervision. Ex Parte Geiken, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000).

Some inmates are not eligible for release to mandatory supervision because of the nature of their offense. Petitioner is not eligible for release to mandatory supervision because he was convicted of aggravated sexual assault (D.E. 1, p. 5; D.E. 11, Ex. A). See also TEX. PENAL CODE § 22.021 and TEX. CODE CRIM. PRO. Art. 42.18 §8(c)(West 1993). Because petitioner did not lose any good time credits and because he is not eligible for release to mandatory supervision, he has failed to make out a claim that he is entitled to habeas corpus relief.

## C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a

5

petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed on the merits.  If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in

order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance of a COA.

## RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion for summary judgment (D.E. 14) be granted and petitioner's cause of action for habeas corpus relief be dismissed. It is further recommended that should petitioner seek a Certificate of Appealability, it be denied.

Respectfully submitted this 23rd day of March, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).