**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **KIRK WAYNE MC BRIDE, SR.** | § | |
| **Petitioner,** | § | |
| **V.** | § | **C.A. NO. C-05-534** |
| | § | |
| **DOUG DRETKE,** | § | |
| **Respondent.** | § | |

**MEMORANDUM AND RECOMMENDATION
<u>TO DENY MOTION FOR RELIEF OF JUDGMENT</u>**

Pending is Petitioner's Motion for Relief From Judgment (D.E. 25).  For the reasons discussed below, it is respectfully recommended that the motion be denied.

**I.  <u>Background</u>**

On October 27, 2005, petitioner filed this petition, challenging a disciplinary proceeding which resulted in the reduction of his line class and restriction of privileges.  Final judgment was entered May 9, 2006, dismissing the petition because petitioner lost no earned good time credits  and had no protected liberty interest in the loss of line class or privileges (D.E. 18, 23, 24).  On May 24, 2006, the court received and filed petitioner's motion for relief from judgment (D.E. 25).  He filed notice of appeal June 6, 2006 (D.E. 26).

**II.  <u>Discussion</u>**

Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to FED. R. CIV. P. 59(e).  <u>Days v. Johnson</u>, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam);  <u>Bass v. Department of Agriculture</u>, 211 F.3d 959, 962 (5th Cir. 2000); <u>Fletcher v. Apfel</u>, 210 F.3d 510, 511 (5th Cir. 2000).   In this case, final judgment was entered on May 9, 2006 ( D.E. 24), making a Rule 59(e) motion due ten business days later, or no later than May 23,

2006. Petitioner executed his motion on May 22, 2006 (D.E. 25 at p. 7), and the envelope in which it was sent was post-marked May 23, 2006 (D.E. 25 at 8). The latest petitioner could have tendered his motion to prison officials for mailing was May 23, 2006, and it is deemed filed as of that date. See Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998) (applying the mailbox rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), to habeas petition filed pursuant to AEDPA). Thus, his motion was filed within ten days of entry of final judgment, and is considered properly under Rule 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment. Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

In his motion, petitioner points to no manifest error of law and presents no new evidence. He simply complains of the District Court's failure to address arguments made in his objections to the memorandum and recommendation to dismiss (D.E. 18). In his objections petitioner complained that he had a due process right under Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974), to (1) twenty-four hours advance written notice of the hearing, (2) the right to be heard, and (3) the right to a written statement by the factfinder detailing the evidence relied upon. Established Supreme Court and circuit law hold that because petitioner had no liberty interest in the outcome of the disciplinary proceeding, no due process rights were triggered. Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 2300 (1995) (no protected liberty interest where prisoner confined to disciplinary segregation); Luken v. Scott, 71 F.3d 192 (5th Cir. 1995) (no protected liberty interest in line class); Harper v Showers 174 F.3d 716, 719 (no protected liberty or property interest in

2

custodial classifications). The District Court is bound by Supreme Court and circuit law. If petitioner wishes to challenge that law and argue that he does have a protected liberty or property interest in the outcome of his disciplinary proceeding, he must do so on appeal. Petitioner's motion fails.

### III. Recommendation

Petitioner has failed to establish manifest errors of law or fact or present newly discovered evidence as required in a Rule 59(e) motion. Accordingly, it is respectfully recommended that Petitioner's motion for relief from judgment, treated as a motion to alter or amend the judgment pursuant to FED. R. CIV. P. 59(e) (D.E. 25), be denied.

Respectfully submitted this 15th day of June, 2006.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).